UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEAMFITTERS LOCAL 439 PENSION PLAN, an employee benefit plan, and CHARLES BAILEY, ROBERT E. BAILEY, JR., DANA CLARK, JOE SKILJAN, BOB DURBIN, and KENT DICKEMANN, in their representative capacities as Trustees of the Steamfitters Local 439 Pension Plan, and STEAMFITTERS LOCAL 439 SUPPLEMENTAL RETIREMENT TRUST FUND, and CHARLES BAILEY, ROBERT E. BAILEY, JR., DANA CLARK, JOE SKILJAN, BOB DURBIN and KENT DICKEMANN, in their representative capacities as Trustees of the Steamfitters Local 439 Supplemental Retirement Trust Fund, and STEAMFITTERS LOCAL 439 HEALTH AND WELFARE FUND, and CHARLES BAILEY, MARK THOMAS, CHARLES BAILEY, JR., JOE SKILJAN, BOB DURBIN, and KENT DICKEMANN, in their representative capacities as Trustees of the Steamfitters Local 439 Health and Welfare Fund, and STEAMFITTERS LOCAL 439 APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST, and CHARLES BAILEY, GEORGE WALKER, MARK THOMAS, JOE SKILJAN, BOB DURBIN and KENT DICKEMANN, in their representative capacities as Trustees of the Steamfitters Local 439 Apprenticeship and Journeyman Training Trust, <br><br>    Plaintiffs, <br><br> v. <br><br> A & H MECHANICAL CONTRACTING, INC., an Illinois corporation, <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No.: |

# COMPLAINT

COME NOW, plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Steamfitters Local No. 439 Pension Plan, hereinafter referred to as "the Pension Fund," is an employee benefit plan within the meaning of Sections 3(1), (3), and 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145, providing pension benefits to covered employees of participating employers. Plaintiffs Charles Bailey, Robert E. Bailey, Jr., Dana Clark, Joe Skiljen, Bob Durbin and Kent Dickemann are the duly designated and acting Trustees of the Pension Fund and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1002(21)(A) and 1132.

2. Plaintiff, Steamfitters Local 439 Supplemental Retirement Trust Fund, hereinafter referred to as "the Supplemental Retirement Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(2)(A), (3), 1132 and 1145, providing retirement benefits to covered employees of participating employers. Plaintiffs Charles Bailey, Robert E. Bailey, Jr., Dana Clark, Joe Skiljan, Bob Durbin and Kent Dickemann are the duly designated and acting Trustees of the Supplemental Retirement Fund and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(21)(A) and 1132.

3. Plaintiff, Steamfitters Local 439 Health and Welfare Fund, hereinafter referred to as "the Welfare Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(2)(A), (3), 1132 and 1145, providing medical and hospitalization benefits to covered employees of participating employers. Plaintiffs Charles

Bailey, Mark Thomas, Charles Bailey, Jr., Joe Skiljan, Bob Durbin and Kent Dickemann are the duly designated and acting Trustees of the Welfare Fund and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(21)(A) and 1132.

4. Plaintiff Steamfitters Local 439 Apprenticeship and Journeyman Training Trust, hereinafter referred to as "the Apprenticeship Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(2)(A), (3), 1132 and 1145, providing apprenticeship training to covered employees of participating employers. Plaintiffs Charles Bailey, George Walker, Mark Thomas, Joe Skiljan, Bob Durbin and Kent Dickemann are the duly designated and acting Trustees of the Apprenticeship Fund and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(21)(A) and 1132.

5. Defendant A & H Mechanical Contracting, Inc. is an Illinois corporation in good standing doing business within this judicial district. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of ERISA, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. §152(2), (6) and (7).

6. Defendant at all times relevant has been and is signatory to and bound by a collective bargaining agreement with Steamfitters Local 439 (the "Union"), which is a labor organization within the meaning of Sections 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a).

7. This Court has jurisdiction by reason of Sections 502(a)(3), (ii) 515 of the Employee Retirement Income Security Act of 1974, as amended, §§ 1132(a)(3)(ii) and 1145, and Section 301(a)

of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a) in that the plaintiff Funds and Trustees seek to enforce the provisions of their employee benefit plans and are also third party beneficiaries to the collective bargaining agreement between the Union and defendant.

8. Under the terms of the collective bargaining agreement, defendant has been and is obligated to make monthly reports on all covered employees in its employ, showing the number of hours worked, and to contribute on a monthly basis to the plaintiff Funds.

9. The collective bargaining agreement provides as follows:

> All payments shall be due and payable by the tenth (10th) of the month following the month during which work shall have been performed by employees covered by the Agreement. All payments delinquent for one month shall bear interest at the rate of two and one-half percent (2.5%) for each delinquent month or part thereof computed from the first day of the month for which payment is due.

10. Defendant paid its contributions late for the months of January 2016 through December 2016, and therefore owes interest of $7,932.79. See Exhibit A hereto.

11. Defendant paid its contributions late for the months of January 2018 through October 2018 and therefore owes interest of $8,914.85. See Exhibit B hereto.

12. Defendant owes $231.92 in lost earnings to the Supplemental Retirement Fund. See Exhibit C hereto.

13. Under the terms of the collective bargaining agreement, defendant has been and is bound by the documents governing the plaintiff Funds.

14. The trust documents governing the plaintiff Funds require delinquent employers to pay the costs of collection, including attorneys' fees.

15. The collective bargaining agreement and trust agreements require defendant to submit its records for audit so that plaintiffs can determine the amounts owed.

16. Defendant has failed to submit its reports and contributions when due.

17. Absent an audit, it will be impossible for plaintiffs to determine the amounts that are owed,

18. Plaintiffs are entitled to recover interest, liquidated damages, costs and reasonable attorneys' fees pursuant to Section 502(g)(2) of the Employee Retirements Income Security Act of 1974, as amended, 29 U.S.C. § 1132(g), and pursuant to the collective bargaining agreement and trust agreements, and pursuant to Federal common law.

WHEREFORE, plaintiffs pay the court as follows:

(a) For a judgment against defendant for $7,932.79 in interest for late-paid contributions for the period of January 2016 through December 2016;

(b) For a judgment against defendant for $8,914.85 in interest for late-paid contributions for the period of January 2018 through October 2018;

(c) For a judgment against defendant for lost earnings for the Supplemental Retirement Fund;

(d) For a judgment of additional interest amounts which become due and owing;

(e) For a judgment against defendant for delinquent contributions;

(f) For an order compelling defendant to submit its books and records to plaintiffs for audit, so that plaintiffs can determine all amounts owed;

(g) For a judgment against defendant for the amounts found due and owing by the audit, including liquidated damages;

(h) For an order compelling and enjoining defendant to submit all future reports and payments in a timely fashion under the current or any subsequent collective bargaining agreement to which the Union and defendant are or may become bound; and

(i) For an order, judgment and decree against the defendant for interest, reasonable attorneys' fees and costs incurred in this action, and granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
13205 Manchester Road, Suite 210
St. Louis, Missouri 63131
Phone: (314) 727-1015
Fax: (314) 727-6804

s/s Greg A. Campbell
GREG A. CAMPBELL, MO#2774

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 20th day of February, 2019, the foregoing was electronically filed with the U.S. District Court, and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

s/s Greg A. Campbell